# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| HYPERLINE SYSTEMS NORTH EAST, INC, <br><br> Plaintiff, <br><br> v. <br><br> WILLIE J. SCOTT, MICHAEL A. FABRE JR., FRANK DE'ANGELO, and CHRIS DE'ANGELO, <br><br> Defendants. | Case No. _____ |

## COMPLAINT

Comes now Plaintiff Hyperline Systems North East, Inc. and files its Complaint for damages against Defendants Willie J. Scott, Michael A. Fabre Jr., Frank De'Angelo, and Chris De'Angelo.

## PARTIES

1. Plaintiff Hyperline Systems North East, Inc. ("Plaintiff" or "Hyperline") is a foreign profit corporation incorporated under the laws of the state of New Jersey.

1

2. Plaintiff's principal place of business in the United States is 8225 5th Avenue, 417 Brooklyn, New York, 11209.

3. Plaintiff is registered to do business in Georgia.

4. Defendant Willie Scott is an individual resident of Georgia, who resides within the Northern District of Georgia.

5. Defendant Michael Fabre is an individual resident of Georgia, who resides within the Northern District of Georgia.

6. Defendant Frank De'Angelo is an individual resident of Georgia, who resides within the Northern District of Georgia.

7. Defendant Chris De'Angelo is an individual resident of Georgia, who resides within the Northern District of Georgia.

## JURISDICTION

8. The Court has personal jurisdiction over Defendant Scott.

9. The Court has personal jurisdiction over Defendant Fabre.

10. The Court has personal jurisdiction over Defendant Frank De'Angelo.

11. The Court has personal jurisdiction over Defendant Chris De'Angelo.

12. The Court has subject matter over the claims alleged herein pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or

value of $75,000, exclusive of interest and costs, and because the Plaintiff is diverse from each of the Defendants.

13. Venue is proper in this Court.

## FACTS APPLICABLE TO ALL COUNTS

14. Plaintiff is a manufacturer of cable products, including coax and ethernet cable. It maintains a warehouse located at 7055 Amwiler Industrial Dr. NW #D, Atlanta, Gwinnett County, Georgia 30360 (the "Atlanta Warehouse").

15. Defendant Scott is a former employee of Plaintiff who was employed at Plaintiff's Atlanta Warehouse location.

16. Plaintiff terminated Defendant Scott's employment on or about November 23, 2021.

17. Plaintiff's stated reason for terminating Defendant Scott's employment was "theft of inventory."

18. Defendant Fabre is a former employee of Plaintiff who was employed Plaintiff's Atlanta Warehouse location.

19. Plaintiff terminated Defendant Fabre's employment on or about November 23, 2021.

20. Plaintiff's stated reason for terminating Defendant Fabre's employment was "theft of inventory."

21. Defendant Frank De'Angelo is the owner "Frank's Metals and Demolition," an unregistered business.

22. Defendant Chris De'Angelo is an employee of Frank's Metals and Demolition.

23. Upon information and belief, Frank De'Angelo is Christopher De'Angelo's father.

24. Gaynell Timmons Buckley is Plaintiff's warehouse manager for the Atlanta Warehouse location.

25. On or about September 27, 2021, Frank De'Angelo approached Gaynell Buckley at the Atlanta Warehouse and identified himself as a scrap buyer interested in purchasing materials from Plaintiff.

26. Frank De'Angelo gave Gaynell Buckley a brochure for his business, "Frank's Metals and Demolition."

27. A true and accurate copy of the brochure Frank De'Angelo gave Gaynell Buckley (the "Brochure") is attached hereto as Exhibit 1.

28. The Brochure identifies Frank De'Angelo as the owner of Frank's Metals & Demolition and Chris De'Angelo as a "Buyer."

29. The Brochure states, "We buy all types of machinery, metals, equipment, as well as empty spools and wire. *We pay cash on the spot!*" Ex. 1 (italics in the original).

30. Frank De'Angelo asked Gaynell Buckley if Plaintiff would sell him scrap copper. She communicated his request to her superiors, who declined Frank De'Angelo's offer. Gaynell Buckley reported Plaintiff's rejection of Frank De'Angelo's offer to him.

31. Frank De'Angelo then offered to pay Gaynell Buckley personally for Plaintiff's merchandise or scrap. Frank De'Angelo showed Gaynell Buckley the cash with which he would pay her.

32. Gaynell Buckley reports that she declined Frank De'Angelo's offer to pay her personally for Plaintiff's property.

33. Notwithstanding Plaintiff and Gaynell Buckley's rejection of his offers, Frank De'Angelo was determined to procure Plaintiff's merchandise.

34. Frank De'Angelo and Christopher De'Angelo conspired with two of Plaintiff's warehouse employees, Defendant Scott and Defendant Fabre, to steal Plaintiff's property.

35. A security camera located near Plaintiff's Atlanta Warehouse captured video recordings of nine separate occasions in which Defendant Scott and/or

Defendant Fabre, removed Plaintiff's property from its Atlanta Warehouse and loaded it with a forklift onto vehicles operated by Defendants Frank De'Angelo and/or Christopher De'Angelo.

36. The dates and approximate start times of the thefts from Plaintiff's Atlanta Warehouse are:

    (a)    October 21, 2021 at 19:10 hours

    (b)    October 28, 2021 at 19:14 hours

    (c)    October 30, 2021 at 20:54 hours

    (d)    November 2, 2021 at 17:05 hours

    (e)    November 3, 2021 at 16:53 hours

    (f)    November 4, 2021 at 16:58 hours

    (g)    November 12, 2021 at 17:33 hours

    (h)    November 15, 2021 at 17:00 hours

    (i)    November 16, 2021 at 16:55 hours

37. On each of the nine occasions listed in above in Paragraph 36, the security alarm for Plaintiff's Atlanta Warehouse was deliberately deactivated.

38. Plaintiff's Atlanta Warehouse closes at 4:30 PM each day. Defendants Scott and Fabre were not authorized to enter the Atlanta Warehouse after their shifts had ended.

39. Security camera footage shows each Defendant participated in at least two of the instances of theft. Each Defendant is a party to each instance of theft.

40. In mid-November, 2021, Plaintiff discovered the theft and reported it to the Police.

41. On or about November 30, 2021, Gwinnett County Police Officer B. Villacis (Badge No. B2166) was dispatched to Plaintiff's Atlanta Warehouse.

42. Officer Villacis spoke with Gaynell Buckley and created an Incident Report for "Burglary/ Non-residential" in violation of O.C.G.A. 16-7-1(c) and "Theft by Taking or Mvt" in violation of O.C.G.A. § 16-8-2.

43. On or about January 12, 2022, an arrest warrant was issued for Defendant Fabre for Burglary in the Second Degree and Theft by Taking. Each of these crimes is a felony offense.

44. On or about January 12, 2022, an arrest warrant was issued for Defendant Scott for Burglary in the Second Degree and Theft by Taking. Each of these crimes is a felony offense.

45. Upon information and belief, a criminal investigation of Defendants Frank De'Angelo and Chris De'Angelo is ongoing.

## COUNT I:
## CIVIL THEFT — O.C.G.A. § 51-10-6

46. Plaintiff realleges and reasserts the allegations contained in Paragraphs 1 through 45 of its Complaint and incorporates them herein by reference.

47. O.C.G.A. §51-10-6(a) provides that "Any owner of personal property shall be authorized to bring a civil action to recover damages from any person who willfully damages the owner's personal property or who commits a theft as defined in Article 1 of Chapter 8 of Title 16 involving the owner's personal property."

48. Article 1 of Chapter 8 of Title 16 of the Georgia Code includes O.C.G.A. §16-8-2, entitled "Theft by Taking."

49. O.C.G.A. § 16-8-2 provides that "A person commits the offense of theft by taking when he unlawfully takes or, being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated."

50. Defendant Scott committed the offense of theft by taking in violation of O.C.G.A. § 16-8-2 when he unlawfully took the property of Plaintiff with the intention of depriving Plaintiff of the property.

51. Defendant Fabre committed the offense of theft by taking in violation of O.C.G.A. § 16-8-2 when he unlawfully took the property of Plaintiff with the intention of depriving Plaintiff of the property.

52. Defendant Frank De'Angelo committed the offense of theft by taking in violation of O.C.G.A. § 16-8-2 when he unlawfully took the property of Plaintiff with the intention of depriving Plaintiff of the property.

53. Defendant Chris De'Angelo committed the offense of theft by taking in violation of O.C.G.A. § 16-8-2 when he unlawfully took the property of Plaintiff with the intention of depriving Plaintiff of the property.

54. The value of Plaintiff's property that was stolen by the Defendants was $218,201.06.

55. The inventory stolen and the value thereof is as follows:

| Part Number | Description | Qty. | Value |
|---|---|---|---|
| 18AWG-4C-STR-CMR-GY-500F | Cable Multi Conductor 18 AWG/4 Riser Grey) | 5 | $ 2,002.95 |
| FTP4-C5e-SOLID-SW-OUT-40-305 | Cable Cat 5e FTP 4 Pairs Solid Shielded Outdoor wit... | 53 | $ 5,163.26 |
| FUTP4-C5e-SOLID-CMP-WH-305 | Cable Cat 5e FUTP 4 Pairs Twisted Solid Shielded Plen... | 24 | $ 4,200.48 |
| FUTP4-C6A-SOLID-CMR-BL-305 | Cable Cat 6A FUTP 4 Pairs 23AWG Twisted Solid Shielde... | 11 | $ 1,394.47 |
| SSTP4-C7-SOLID-IN-FRPVC-BL-305 | Cable Cat 7 SSTP 4 Pairs Twisted Solid Shielded | 53 | $ 9,385.28 |
| UTP4-C5e-SOLID-CMP-GY-305 | Cable Cat 5e UTP 4 Pairs Twisted Solid Plenum Grey) | 110 | $ 11,275.00 |
| UTP4-C5e-SOLID-CMP-RD-305 | Cable Cat 5e UTP 4 Pairs Twisted Solid Plenum Red) | 346 | $ 33,838.80 |
| UTP4-C5e-SOLID-CMR-BL-305 | Cable Cat 5e UTP 4 Pairs Twisted Solid Riser  Blue) | 419 | $26,166.55 |
| UTP4-C5e-SOLID-CMR-WH-305 | Cable Cat 5e UTP 4 Pairs Twisted Solid Riser White) | 227 | $ 14,176.15 |
| UTP4-C5e-SOLID-HB-CMP-BL-305 | Cable Cat 5e UTP 4 Pairs Twist Solid Hyperbase Plen... | 112 | $ 10,209.92 |
| UTP4-C6-SOLID-CMP-GN-305 | Cable Cat 6 UTP 4 Pairs Twisted Solid Plenum Green) | 30 | $ 4,987.50 |
| UTP4-C6-SOLID-CMP-OR-305 | Cable Cat 6 UTP 4 Pairs Twisted Solid Plenum Orange) | 199 | $ 32,775.30 |
| UTP4-C6-SOLID-CMP-RD-305 | Cable Cat 6 UTP 4 Pairs Twisted Solid Plenum Red) | 46 | $ 7,647.50 |
| UTP4-C6-SOLID-CMP-WH-305 | Cable Cat 6 UTP 4 Pairs Twisted Solid Plenum White) | 189 | $ 30,712.50 |
| UTP4-C6-SOLID-CMR-PK-305 | Cable Cat 6 UTP 4 Pairs Twisted Solid Riser Pink) | 35 | $ 2,616.25 |
| UTP4-C6-SOLID-CMR-RD-305 | Cable Cat 6 UTP 4 Pairs Twisted Solid Riser Red) | 25 | $ 1,643.25 |
| UTP4-C6-SOLID-NCR-CMP-GY-305 | Cable Cat 6 UTP 4 Pairs Twisted Solid Plenum NCR Gr... | 26 | $ 4,063.80 |
| UTP4-C6-SOLID-NCR-CMP-OR-305 | Cable Cat 6 UTP 4 Pairs Twisted Solid Plenum NCR Or... | 77 | $ 12,035.10 |
| UTP4-C6-SOLID-NCR-CMP-RD-305 | Cable Cat 6 UTP 4 Pairs Twisted Solid Plenum NCR Re... | 17 | $ 2,553.40 |
| UTP4-C6A-SOLID-CMR-WH-305 | Cable Cat 6A UTP 4 Pairs  23AWG Twisted Solid Riser Wh... | 22 | $ 1,353.60 |
|  |  | Total | $ 218,201.06 |

56. Plaintiff suffered additional damages from Defendants' theft of its property resulting from the cost of the investigation and other subsequent remedial actions, resulting in total damages to Plaintiff of $308,000.00, inclusive of the cost of inventory stolen.

57. Plaintiff is entitled to damages from the Defendants, jointly and severally, in the amount of $308,000 for actual damages including the value of Plaintiff's personal property which was the subject of the theft and for other loss sustained as a result of the Defendants' theft offense.

## COUNT II:
## CIVIL CONSPIRACY

58. Plaintiff realleges and reasserts the allegations contained in Paragraphs 1 through 57 of its Complaint and incorporates them herein by reference.

59. Each of the Defendants participated in a conspiracy with the other Defendants and thereby became members of a combination.

60. The purpose of this combination was to accomplish an unlawful purpose.

61. The Defendants conspired among each other by concerted action to steal Plaintiff's property from its Atlanta Warehouse.

62. Each of the Defendants is jointly and severally liable for the acts of the others in furtherance of its conspiracy with the other Defendants.

63. Plaintiff is entitled to damages from the Defendants, jointly and severally, in the amount of $308,000 for actual damages including the value of Plaintiff's

personal property which was the subject of the theft and for other loss sustained as a result of the Defendants' conspiracy.

## COUNT III:
## GEORGIA RACKETEER INFLUENCE AND CORRUPT ORGANIZATIONS ACT
## ("Georgia RICO Act")

### THE PATTERN OF RACKETEERING ACTIVITY

64. Plaintiff realleges and reasserts the allegations contained in Paragraphs 1 through 63 of its Complaint and incorporates them herein by reference.

65. Defendants committed, attempted to commit, aided and abetted, solicited, or engaged in at least two interrelated predicate incidents or acts of racketeering activity in furtherance of one or more incidents, schemes, or transactions that had the same or similar intent, results, accomplices, victims, methods of commission, or are otherwise interrelated by, distinguishing characteristics and are not isolated incidents which proximately caused injury to the Plaintiff. The incidents or acts of racketeering activity that form the pattern of racketeering activity engaged in by Defendants occurred within the Relevant Period. The acts of racketeering activity extended over a substantial period of time and were sufficiently continuous to form a pattern of racketeering activity.

## The Predicate Acts
### Theft by Taking in Violation of O.C.G.A. § 16-8-2.

66. Plaintiffs repeat and reallege each and every allegation contained in the Paragraphs 1 through 65 of the Compliant.

67. Theft by taking constitutes a predicate act pursuant to the Georgia RICO Act.

### Interrelationship Between the Acts of Racketeering Activity

68. The acts of racketeering activity committed by Defendants are interrelated and not isolated incidents in that they all involve numerous transactions or purported transactions and involved the same or similar intents, the same or similar results, the same or similar victims, the same or similar methods of commission, the same or similar benefits to Defendants, and the same or similar efforts to conceal Defendants' misconduct.

69. The incidents or acts of racketeering activity committed by Defendant have the same or similar intents in that they sought to obtain property, including but not limited to, money for Defendants through illegal means.

70. The incidents or acts of racketeering activity committed by the Defendants have the same or similar results.

71. The incidents or acts of racketeering activity committed by Defendants have the same or similar victims, namely Plaintiff, who has been victimized by their conspiracy.

72. The incidents of racketeering activity committed by Defendants have the same or similar methods of commission.

**Injuries to Plaintiffs Proximately Caused by Defendants RICO Violations**

73. Defendants' conduct as set forth herein directly targeted Plaintiff, and Plaintiff's injuries flow directly and proximately from Defendants' incidents or acts of racketeering activity, which constitute part of the pattern of racketeering activity.

74. Plaintiff is entitled to damages from the Defendants, jointly and severally, in the amount of $308,000 for actual damages including the value of Plaintiff's personal property which was the subject of the theft and for other loss sustained as a result of the Defendants' racketeering activities.

75. Plaintiff has been injured by reason of Defendants' violation of O.C.G.A. § l6-14-4 and is entitled to recover three times the actual damages sustained.

76. Pursuant to O.C.G.A. § l6-14-6(c), Plaintiffs are also entitled to recover its reasonable attorneys' fees in the trial and appellate courts, and their costs of investigation and litigation reasonably incurred.

## COUNT IV:
## PUNITIVE DAMAGES — O.C.G.A. § 51-12-5.1

77. Plaintiff realleges and reasserts the allegations contained in Paragraphs 1 through 76 of its Complaint and incorporates them herein by reference.

78. Defendants' actions show willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

79. Defendants are liable to Plaintiff for punitive damages in the amount of $1,000,000.

## COUNT V:
## ATTORNEY'S FEES PURSUANT TO O.C.G.A. § 13-6-11

80. Plaintiff realleges and reasserts the allegations contained in Paragraphs 1 through 79 of the Complaint and incorporates them herein by reference.

81. Defendants have acted in bad faith, been stubbornly litigious, and/or caused Plaintiff unnecessary trouble and expense.

82. Defendants are liable to Plaintiff for Plaintiff's attorney's fees, expenses, and costs, pursuant to O.C.G.A. § 13-6-11, in an amount to be determined at trial.

WHEREFORE, Plaintiff demands joint and several judgment against Defendants as follows:

(a) On Count I, for damages in the amount of $308,000 for damages including the value of Plaintiff's property which Defendants stole and for other loss sustained as a result of Defendants' willful theft offense;

(b) On Count II, for damages in the amount of $308,000 for the value of Plaintiff's property which Defendants stole and for other loss sustained as a result of Defendants' conspiracy;

(c) On Count III, for three times the damages Plaintiff actually sustained, and for Plaintiff's reasonable attorneys' fees in the trial and appellate courts, and their costs of investigation and litigation reasonably incurred;

(d) On Count IV, for punitive damages in the amount of $ 1,000,000.00;

(e) On Count V, for Plaintiff's attorney's fees, expenses, and costs, in an amount to be determined at trial; and

(f) Any such further relief as this Court deems just and equitable.

Respectfully submitted:

BODKER RAMSEY ANDREWS WINOGRAD & WILDSTEIN, P.C.

/s/ Harry J. Winograd
Harry J. Winograd
GA Bar No. 770926
hwinograd@brawwlaw.com

Robert E. Rigrish
GA Bar No. 605573
rrigrish@brawwlaw.com

Brian S. Wilson
GA Bar No. 410767
bwilson@brawwlaw.com

3490 Piedmont Road NE
Suite 1400
Atlanta, GA 30305
Telephone: (404) 351-1615

                Julian Henry Lowenfeld
                New York Bar No. 2439453
                jlowenfield@gmail.com
                350 Central Park West, Suite 13-C
                New York, New York 10025
                *Pro Hac Vice Admission Pending*

                *Attorneys for the Defendant*

## **CERTIFICATE OF COMPLIANCE**

This is to certify that the foregoing Complaint complies with Local Rule 5.1(C) and uses Times New Roman 14-point type, except for the Chart in paragraph 56, which uses 12-point type so that it can fit on a single page.

This 24th day of October, 2022.

                                                Respectfully submitted:

                                                BODKER RAMSEY ANDREWS
                                                WINOGRAD & WILDSTEIN, P.C.

                                                <u>/s/ Harry J. Winograd</u>
                                                Harry J. Winograd

                                                *Attorney for the Plaintiff*